IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| **PENN-AMERICA INSURANCE COMPANY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18-cv-650 |
| | ) | |
| **WHITE PINES, INC. d/b/a** | ) | |
| **L.A.'S NIGHT CLUB** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT-INTERVENOR BRYAN POLLI'S MOTION TO INTERVENE**

Bryan Polli respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a defendant in this action. Bryan Polli ("Mr. Polli") seeks leave to intervene in the declaratory judgment sought by Penn-American Insurance Company ("Penn-America"). Mr. Polli seeks a declaratory judgment that the commercial general liability policy issued to White Pines, Inc.'s ("White Pines) by Penn-America (the "Policy") covered his claims filed in Virginia Beach Circuit Court, while Penn-America seeks a declaratory judgment denying coverage under the Policy. Accordingly, Mr. Polli's claim is the exact same question of law as the main action in this matter. *See* Fed. R. Civ. P. 24(b).

Pursuant to Local Rule 7(J) and Federal Rule of Civil Procedure 78, Mr. Polli requests the Court rule on this motion without an oral hearing.

For the reasons discussed herein and in the accompanying Memorandum of Law, Bryan Polli respectfully requests that the Court grant Bryan Polli's Motion to Intervene in this matter.

1

Bryan Polli attaches a proposed answer and counterclaim in intervention and a proposed order.

# MEMORANDUM OF LAW IN SUPPORT OF BRYAN POLLI'S MOTION TO INTERVENE

Bryan Polli ("Mr. Polli") respectfully submits this Memorandum of Law in support of his Motion to Intervene in this action filed by plaintiff Penn-America Insurance Company ("Penn-America") against defendant White Pines, Inc ("White Pines"). Mr. Polli moves pursuant to Federal Rule of Civil Procedure 24 to intervene by permission to assert a defense and counterclaim to Penn-America's claim for declaratory judgment.

## **PRELIMINARY STATEMENT**

Penn-America rushed to beat Bryan Polli to filing an action for declaratory judgment as to whether the commercial general liability policy issued to White Pines by Penn-America covered Mr. Polli's claim filed in Virginia Beach Circuit Court. Penn-America filed its complaint without notifying Mr. Polli of the action, *with full knowledge* of Mr. Polli's intention to file the declaratory judgment.

Upon discovering the complaint filed by Penn-America, as well as the entry of default judgment after White Pines failed to respond to the complaint, Bryan Polli, through counsel, immediately prepared this motion to intervene.

## **FACTUAL BACKGROUND**

Bryan Polli filed a lawsuit in Virginia Beach Circuit Court against White Pines for bodily injury he suffered while performing his role as a manager for the strip club known as "L.A.'s Night Club" owned and operated by White Pines. (Dkt. No. 1 Exh. A). After receiving the complaint, White Pines contacted Penn-America requesting coverage under the commercial general liability policy issued under policy number PA V0059538 (the "Policy").

On May 31, 2018, Penn-America, through counsel Peter Schurig, sent White Pines correspondence denying coverage under the Policy. A copy of the May 31, 2018 letter is attached hereto as Exhibit "A". On August 28, 2018, Mr. Polli, though counsel Matthew Weinberg, sent Penn-America a demand letter asserting that coverage did apply to his injury suffered, and requesting coverage and damages. A copy of the demand letter is attached hereto as Exhibit "B".

On September 11, 2018, Penn-America responded to Mr. Polli's demand by once again denying coverage. A copy of the September 11, 2018 letter is attached hereto as Exhibit "C". After receiving the denial, Mr. Polli's counsel immediately notified Penn-America through email correspondence with Peter Schurig of his intention to file a declaratory judgment action on the matter and requesting a complete copy of the Policy.[1] A copy of the September 11, 2018 email correspondence is attached hereto as Exhibit "D".

Not only did Penn-America elect not to provide Mr. Polli a copy of the complete Policy as he requested, instead Penn-America sharply choose to file its own action in this court without any notice to Mr. Polli. Notably, Penn-America filed this action thirteen days after Mr. Polli notified it of his intention to seek a declaratory judgment on coverage of the Policy. Surely Penn-America must have viewed its gambit to exclude Mr. Polli from argument on the declaratory judgment as successful when White Pines failed to respond to the Complaint by October 29, 2018, and it received a clerk's Entry of Default on November 16, 2018.

While Penn-America was busy preparing the declaratory judgment action, Mr. Polli also sought a complete copy of the Policy through discovery from White Pines. When White Pines

---

[1] In the 11:12am email, Mr. Weinberg states "We will proceed with the Dec Action." Then, after Mr. Schurig responded to this email, at 4:30pm Mr. Weinberg states "Please send me the complete policy. I will prepare argument and let the judge decide the issue."

neglected to respond to his discovery requests, Mr. Polli filed a motion to compel discovery. Ultimately, On November 30, 2018, the parties filed an Agreed Order on the motion to compel. A copy of the November 30, 2018 Agreed Order is attached hereto as Exhibit "E".

Bryan Polli did not learn of Penn-America's action for declaratory judgment until November 29, 2018.

## ARGUMENT

I. **Bryan Polli Should Be Permitted to Intervene By Permission**

Federal Rule of Civil Procedure 24(b)(1)(B) provides that a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b). Mr. Polli's counterclaim for a declaratory judgment stating Penn-America is obligated to coverage his claim under the Policy is the exact same question of law asserted by Penn-America, only Penn-America is seeking a judgment stating Mr. Polli's claim is not covered by the Policy.

Preliminarily, Mr. Polli's motion to intervene is timely.

> Whether a motion to intervene was timely must be determined based on all the circumstances. Factors to consider include the point to which the suit has progressed at the time the motion to intervene was filed; the length of time the applicant knew, or should have known, of the litigation before filing its motion to intervene; and prejudice to existing parties that would result from allowing the intervention. The Fourth Circuit has stated that the most important factor in determining whether a motion to intervene is timely is the prejudice caused to the other parties by the delay.

*Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F.Supp.2d 508, 514 (E.D.Va. 2000). Mr. Polli found out about Penn-America's action for declaratory judgment on November 29, 2018. Though counsel, he has prepared his motion to intervene less than one week after discovering the

action. Further, outside of seeking entry of default judgment, neither party is prejudiced by permitting Mr. Polli to intervene.

Notably, Penn-America knew through Mr. Polli's counsel's emails from September 11, 2018 of Mr. Polli's intention to file a declaratory judgment action. Rather than provide Mr. Polli a complete copy of the Policy as requested in order to enable him to seek the action, Penn-America slickly choose to file its own action in federal court while refraining to provide any notice to Mr. Polli. Penn-America can hardly claim any sort of prejudice against it for Mr. Polli's delay, as no substantive law has been reviewed to this point in the case.

Simply put, this court should not reward Penn-America's actions of attempting to beat Mr. Polli to the punch by filing for its own declaratory judgment in federal court without notice to Mr. Polli, *who it knew* intended on filing a declaratory judgment action of his own on the same legal issue. In addition, Mr. Polli's interest will be significantly impaired if is unable to assert his own claim that the Policy covers the bodily injury he suffered during his employment with White Pines, as White Pines has already exhibited a clear intention not to assert any defense to Penn-America's action whatsoever.

## **CONCLUSION**

For the foregoing reasons, Bryan Polli respectfully requests that the Court grant his Motion to Intervene.

Dated December 4, 2018

                                          Respectfully submitted,

                                          /s Matthew J. Weinberg

_____
Matthew J. Weinberg
VA Bar No. 88664
*Counsel for* Bryan Polli
GUNTHER LAW GROUP
4646 Princess Anne Road, Suite 101
Virginia Beach, VA 23462
Telephone: (757) 671-3352
Facsimile: (757) 671-3353
matthew@guntherlaw.com

**CERTIFICATE OF SERVICE**

I, Matthew J. Weinberg, hereby certify that I filed the foregoing Motion and Memorandum of Law with the Electronic Case Filing system established by the U.S. District Court for the Eastern District of Virginia, and by filing these documents with the CM-ECF system, provided notice of filing to all counsel of record listed below:

Peter E. Schurig, Esq.
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: 804-377-1276
Email: pschurig@setlifflaw.com

By:

/s Matthew J. Weinberg
_____

Matthew J. Weinberg
VA Bar No. 88664
*Counsel for* Bryan Polli
GUNTHER LAW GROUP
4646 Princess Anne Road, Suite 101

Virginia Beach, VA 23462  
Telephone: (757) 671-3352  
Facsimile: (757) 671-3353  
matthew@guntherlaw.com